IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

vs.                                               CIVIL NO. 08-344 MV/LFG
                                                   CRIM. NO. 03-2112 MV

JOSE FRANCISCO DIAZ,

        Defendant-Movant.

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDED DISPOSITION
AND DISMISSING ACTION WITH PREJUDICE**

THIS MATTER comes before the Court on Defendant-Movant Jose Francisco Diaz ("Diaz")'s Objection to Order of Reference [Doc. 12], filed September 10, 2008; and on Diaz's substantive Objections to Magistrate Judge's Findings and Recommended Disposition [Doc. 14], filed September 17, 2008. The Government filed a Response [Doc. 13] to Defendant-Movant's Objection to Order of Reference. On September 24, 2008, Diaz filed a "reply" in response to the Government's Response [Doc. 15], and on October 1, 2008, the Government filed another Response to Diaz's second set of objections. [Doc. 16.]

The Court overrules both sets of objections and adopts the Magistrate Judge's findings and recommendation.

<u>Objection to Order of Reference and Role of Magistrate Judge</u>

In both sets of objections, Diaz argues that the Court's August 26, 2008 Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals and Prisoner Cases [Doc. 10] is unconstitutional and invalid.

Diaz objects to the Court's referral of this case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) because the parties did not consent to adjudication by a Magistrate Judge, and such adjudication "raises Article III concerns because judges without life-time tenure and

undiminishable compensation would have controlling authority . . ." over the Article III judge's prior rulings, *quoting* United States v. Johnston, 258 F.3d 361, 369 (5th Cir. 2001). [Doc. 12, at 2-3].

The referral of a matter to a Magistrate Judge pursuant to 28 U.S.C. § 636(b) does not give the Magistrate Judge "controlling authority" over the matter. Under Section § 636(b)(1)(B), an Article III judge may designate a Magistrate Judge to submit proposed findings of fact and recommendations for the disposition of case-dispositive matters and "of applications for posttrial relief made by individuals convicted of criminal offenses . . . ." The Magistrate Judge must file his proposed findings and recommendations with the Court, and the parties have ten days after service to file written objections. At that point,

> A judge of the court [*i.e.*, an Article III judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The [Article III] judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996).

The problem in Johnston was that the Magistrate Judge was given authority, by the parties' consent, to determine the § 2255 issues without oversight from an Article III judge. In such "consent" cases under § 636(c), the Magistrate Judge makes the dispositive rulings and aggrieved parties take their appeal directly to the United States Court of Appeals. However, when the referral is made under § 636(b), as was done in the present case, review is undertaken initially by the referring Article III judge. *See also*, FED. R. CIV. P. Rules 72, 73.

Diaz's objections to the substance of the Magistrate Judge's Findings and Recommended Disposition have been received and considered by the Court on this *de novo* review. Thus, the Court overrules Diaz's objections to the referral on this ground.

In his substantive Objections [Doc. 14], Diaz further complains that the Magistrate Judge's instruction in footnote 1, stating that failure to file objections will preclude appellate review, is unconstitutional, has no statutory basis, and constitutes an attempt by a Magistrate Judge to cut off petitioner's appellate rights.

This argument is moot, as Diaz did in fact file objections, and the Court is in fact considering those objections on *de novo* review. Even if the argument were not moot, the statement set forth in the footnote is an accurate statement of the law; indeed, such notification is a requirement established by the United States Court of Appeals for the Tenth Circuit. In Moore v. United States, 950 F.2d 656 (10th Cir. 1991), a § 2255 case, the Tenth Circuit held:

> we have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate . . . . Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions . . . . We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations . . . . In proceedings in which a party appears without benefit of counsel, we shall exercise our supervisory power and require magistrates within the circuit to inform a pro se litigant not only of the time period for filing objections, but also of the consequences of a failure to object, i.e. waiver of the right to appeal from a judgment of the district court based upon the findings and recommendations of the magistrate . . . . This notice should be included in the text of the document containing the magistrate's findings and recommendations.

Id., at 659. The Court overrules Diaz's objection to footnote 1 of the Magistrate's Findings and Recommended Disposition.

Diaz further objects to the referral on grounds that a § 2255 petition is "a further step in the movant's criminal case," and a Magistrate Judge is prohibited from adjudicating a felony case. Furthermore, he argues, a Magistrate Judge has no authority or power to review an Article III judge's final decision, "even in a proposed or recommended fashion." The Court rejects these arguments.

"[T]he fact that Congress has characterized the motion [under 28 U.S.C. § 2255] as a further step in the criminal proceedings does *not* mean that proceedings upon such a motion are of necessity

3

governed by the legal principles which are applicable at a criminal trial . . . ." Rule 1, Rules Governing § 2255 Proceedings for the United States District Courts, advisory committee's note (1976 adoption) (emphasis in original). The Tenth Circuit notes further that "§ 2255 proceedings remain beyond the ambit of a traditional 'civil' or 'criminal' characterization in all contexts." United States v. Simmonds, 111 F.3d 737, 742-43 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).

In any event, as discussed above, Congress has given Article III judges authority to refer dispositive matters, including petitions under § 2255, to a Magistrate Judge for report and recommendation with the final decision reserved for the Article III judge. 28 U.S.C. § 636(b). The statute specifically provides that "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of . . . applications for posttrial relief made by individuals convicted of criminal offenses . . . ." 28 U.S.C. § 636(b)(1)(B).

*See also*, Rules Governing § 2255 Proceedings, Rules 10, 8(b) ("The [Article III] judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation").

> The growing burden of processing applications for postconviction relief has prompted courts to rely on magistrates to screen applications and to prepare initial reports for district judges . . . . In enacting § 636, Congress intended to encourage the use of magistrates to assist in disposing of preliminary matters, thereby enabling district judges to devote more time to conducting trials . . . . Upon request, an applicant is entitled to have a judge make a de novo review of the magistrate's findings of facts.

Ethan L. Bauman, Habeas Relief for Federal Prisoners, 71 Geo. L. J. 749, n.2931 (1982).

Diaz has not been deprived of his right to have an Article III judge review his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, and all objections relating to the Order of Reference are overruled.

Objections to Substance of Magistrate Judge's Findings

In his substantive objections, Diaz raises the same arguments presented in his original Motion to Vacate. He faults the Magistrate Judge's analysis for its reliance on United States v. Owensby, 188 F.3d 1244 (10th Cir. 1999), which holds that a sentencing judge who makes a downward departure under U.S.S.G. § 4A1.3 for over-representation of criminal history does not thereby render defendant eligible for safety valve treatment.

Diaz again argues that his attorney should have taken steps to have the criminal history points removed from his record after the sentencing judge indicated at the August 10, 2005 sentencing hearing that the criminal history may have been over-represented. He argues further that, at the reconvened sentencing hearing on October 6, 2005, his attorney failed to re-raise the issue of removing criminal history points so as to make him eligible for safety valve consideration under U.S.S.G. § 5C1.2(a)(1), which provides:

> the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that . . . the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category) . . . .

The Court finds that Owensby is controlling here. The Court reduced Diaz's sentence to an appropriate level pursuant to § 4A1.3, based on the Court's determination that the criminal history as calculated in the presentence report overstated Diaz's prior involvement in criminal activity. However, the Court did not thereby eliminate the prior criminal history so as to make Diaz eligible for the safety valve provision. Owensby, at 1246 ("we reject Owensby's argument that a defendant's eligibility for the safety valve provision may be based on a defendant's reduced criminal history category as determined by the sentencing court under § 4A1.3").

The criminal history points were appropriately assessed in the presentence report, and the sentencing judge had no authority to erase them from the record. Diaz is not eligible for safety valve consideration if he has one or more criminal history points. U.S.S.G. § 5C1.2(a)(1). Diaz's presentence report indicates that he had two prior DWI arrests, each resulting in suspended

5

sentences with periods of probation of one year and two years respectively. Under the guidelines, such prior convictions each count as one point toward defendant's criminal history, as the sentences were for a period of probation "of at least one year." U.S.S.G. § 4A1.2(c)(1). Thus, the criminal history points assessed as a result of these convictions were appropriately included in the calculation even though the Court, in its discretion, departed downward based on its conclusion that the criminal history as set forth in the presentence report overrepresented Diaz's prior criminal involvement.

If counsel had made the argument Diaz is pressing, he would have been arguing against direct Tenth Circuit precedent. As the Magistrate Judge noted, it does not constitute ineffective assistance to fail to assert a futile argument. Diaz received a substantial benefit from the Court's downward departure, and there was no prejudice to Diaz arising from counsel's actions.

The Court further rejects Diaz's argument that his is one of the rare cases where prejudice is presumed. In the overwhelming majority of cases alleging ineffective assistance of counsel, the petitioner must prove not only that his attorney failed to meet the standards of reasonably qualified counsel, but also that he was prejudiced by counsel's actions or failure to act. Strickland v. Washington, 466 U.S. 668 (1984). Diaz has not shown that he was deprived of counsel altogether, nor that his attorney was involved in a conflict of interest situation.

Finally, Diaz again raises the argument that counsel was ineffective for failing to argue that the term of supervised release took his sentence beyond the statutory maximum. Such an argument would, again, directly contradict Tenth Circuit precedent. United States v. Robinson, 62 F.3d 1282 (10th Cir. 1995).

The Court overrules Diaz's objections and will adopt the Magistrate Judge's recommendation.

### **Order**

IT IS THEREFORE ORDERED that Defendant-Movant's Objection to the Order of Reference and his Objections to Magistrate Judge's Findings and Recommended Disposition [Docs. 12, 14], are overruled;

IT IS FURTHER ORDERED that the Findings and Recommended Disposition of the United States Magistrate Judge are adopted by the Court;

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence is denied and this action is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE